IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH
CENTRAL DIVISION

| | |
|---|---|
| AFP WEST LLC, f.k.a. AFP Layton, Properties, Ltd.,<br><br>                Plaintiff,<br><br>    v.<br><br>DARRELL COX,<br>                Defendants. | **RULING & ORDER**<br><br>Case No. 1:13-cv-00017<br><br>United States District Court Judge<br>Clark Waddoups<br><br>Magistrate Judge Dustin Pead |

      On January 25, 2013, Plaintiff AFP West LLC (AFP) filed its Complaint against Defendant Darrell Cox (Cox) for breach of the parties' Lease Agreement and the obligation of good faith and fair dealing (Document Number 2).  AFP lists its damages "in an amount to be determined at trial, but in no event less than $206,712 plus costs incurred in restoring the property to good, neat and clean condition and repair."  *Id.*

      On February 13, 2013, Defendant Cox filed his currently pending Motion For More Definite Statement pursuant to Federal Rule of Civil Procedure 12(e) (Document Number 5).[1] Mr. Cox contends that he is unable to frame his responsive pleading because the details of the damages alleged are not set out with sufficient "specificity and particularity."  *Id.*

      Pursuant to Federal Rule of Civil Procedure 12(e), "[a] party may move for a more definite statement of a pleading to which a responsive pleading is allowed but which is so vague

---

[1] Plaintiff filed its opposition to the motion on March 8, 2013 (Document Number 7). Under the local rules, a memorandum opposing any motion that is not filed pursuant to Fed. R. Civ. P. 12(b), 12(c), and 56 must be filed within fourteen (14) days after service of the motion or within such time as allowed by the court.  Because Plaintiff's opposition was filed approximately 25 days after service it is untimely and shall not be considered by this Court.

or ambiguous that the party cannot reasonably prepare a response." Fed. R. Civ. P. 12(e).  Such motion must be made before filing a responsive pleading and should point to the specific defects in the pleading along with the details to be included.  *Id.*  " Motions for a more definite statement are generally disfavored in light of liberal discovery available under the federal rules and are granted only when a party is unable to determine the issues requiring a response." Resolution Trust Corp v. Thomas, 837 F. Supp. 354, 355 (D. Kan. 1993).  Further, "[a] motion for more definite statement should not be granted merely because the pleading lacks detail; rather, the standard to be applied is whether the claims alleged are sufficiently specific to enable a responsive pleading in the form of a denial or admission." Advantage Homebuilding, LLC v. Assurance Co. Of Am., 2004 U.S. Dist. LEXIS 3595, *3.

Upon consideration, the Court finds that the Complaint is not so vague or ambiguous as to fail to put Mr. Cox on notice of the amount of damages.  To the contrary, AFP sufficiently identifies the source of damages at paragraph five (5) of the Complaint where it states that pursuant to the terms of the Lease Agreement, Mr. Cox, as personal guarantor for Honks, Inc.,[2] is responsible for:  monthly rent payments, real estate taxes, assessments and utility charges, a pro-rata share of maintaining the common areas, reconveyance of the property in clean and repaired condition and other fees and charges.  Based thereon, Mr. Cox can reasonably prepare a responsive pleading, and if he disagrees with the amount of damages stated he can deny that allegation.

For these reasons, Mr. Cox's Motion For More Definite Statement is DENIED.  Mr. Cox

---

[2]As stated in the Complaint, AFP entered into a Lease Agreement with Honk's Inc. for the lease of property in Layton, Utah.  Defendant Darrell Cox executed a Personal Guaranty in connection with the Lease Agreement guaranteeing payment and performance by Honks of all the terms and conditions of the Lease Agreement. (Document Number 2, ¶¶ 7-8).

is ordered to respond to the Complaint within fourteen (14) days of his receipt of this Order.

DATED this 8th day of March, 2013.

_____
Dustin Pead
U.S. Federal Magistrate Judge