IN THE UNITED STATES DISTRICT COURT

DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| AFP WEST LLC, f.k.a., AFP Layton, Properties, Ltd.,<br><br>　　　　　Plaintiff,<br><br>v.<br><br>DARRELL COX,<br><br>　　　　　Defendant. | **MEMORANDUM DECISION AND ORDER DENYING DEFENDANT'S MOTION TO DISMISS**<br><br>Case No. 1:13-cv-00017<br><br>Judge Clark Waddoups |

## INTRODUCTION

Before the court is Defendant Darrell Cox's ("Cox") Motion to Dismiss for Lack of Subject Matter Jurisdiction pursuant to Fed. R. Civ. P. 12(h)(3). (Dkt. No. 24). After carefully reviewing the parties' filings and relevant legal authorities, Defendant's Motion is DENIED for the reasons set forth below.

## BACKGROUND

On September 4, 2003, Honk's Inc. ("Honk's") entered into an agreement to lease premises located on 957 North Main Street, Suite B, Layton, Utah from AFP West (formerly known as AFP Layton Properties, Ltd.) ("AFP"). The lease required Honk's to make monthly payments of $8,829.46 and expired on August 31, 2013. Cox, who was the president of Honk's, signed a guarantee for "the full, prompt and complete payment and performance by Tenant of all of the terms, obligations, covenants and conditions of said Lease to be paid, kept or performed by Tenant, including the payment of all rent . . . ." (Dkt. No. 3-1).

After falling on bad times and defaulting on the lease, Honk's filed a petition for relief under Chapter 11 of the Bankruptcy Code on January 11, 2013, with the United States Bankruptcy Court for the District of Idaho. Honk's then filed a Motion Seeking Authority to Reject Leases and Notice of Time for Objections, indicating that the premises leased from AFP had been vacated prepetition. The bankruptcy court authorized the rejection in an Order Authorizing Rejection of Leases. Meanwhile, AFP attempted to enforce the guaranty against Cox, filing a complaint in this court on January 25, 2013 that alleged breach of contract and breach of the obligation of good faith and fair dealing. (Dkt. No. 2). The deadline for the submission of proof of claims in the bankruptcy action was May 16, 2013, (Idaho Bankr. Ct. Dkt. No. 13), but AFP did not file a proof of claim. Instead, Honk's filed an untimely proof of claim on behalf of AFP on July 24, 2013 for their unsecured claim, which totals $206,712.00, as well as an objection to disallow AFP's claims.[1] At that point AFP made an appearance before the bankruptcy court, filing a response to Honk's objection and to the first amended plan of reorganization, as well as a ballot with their vote to reject the plan of reorganization.

On September 26, 2013, the bankruptcy court entered an order approving a stipulation between AFP and Honk's in resolution of the Objection and Response. The stipulation states that "AFP's Claim shall be allowed in the amount of $0 in this bankruptcy proceeding." (Dkt. No. 29-1). It also provides that "AFP, Cox, and the Debtor agree that the allowance of AFP's Claim in the amount of $0 will in no way release Cox from any liability or damages that he may owe AFP under the Guaranty . . . and shall not prohibit AFP from pursuing Cox in the Utah Guaranty Litigation." *Id.* The stipulation is signed on behalf of Honk's by its bankruptcy counsel and signed

---

[1] The deadlines for filing proof of claims in Chapter 11 proceedings are set forth in Rule 3003(c)(3) of the Federal Rules of Bankruptcy Procedure, which states that "The court shall fix and for cause shown may extend the time within which proofs of claim or interests may be filed." If a creditor does not timely file a proof of claim, the debtor can file a proof of claim within thirty days after the deadline for the filing of proofs of claims. FED. R. BANKR. P. 3004. While bankruptcy court set 5/16/13 as the deadline for any creditor (other than the government) to file a proof of claim, Honk's filed a proof of claim on behalf of APF on 7/24/13, well after thirty days from 5/16/13.

by Cox individually. Subsequently, the bankruptcy court issued an order confirming the first amended chapter 11 plan, with the introduction stating that "the objection filed by AFP West, LLC is resolved with AFP West, LLC agreeing that its claim in the bankruptcy proceeding is disallowed in its entirety; and thereby withdraws not only its rejecting ballot but also its objection to confirmation." (Dkt. No. 29-2). AFP has not appealed that order and has resumed its suit in this court to enforce the guaranty. Cox now moves the court to dismiss this action for lack of subject matter jurisdiction. (Dkt. No. 24).

## ANALYSIS

**I. Subject Matter Jurisdiction**

Cox contends that this court lacks subject matter jurisdiction because this case is precluded by the bankruptcy court's Order Confirming First Amended Chapter 11 Plan. His argument is that since a surety is only liable to the extent of the principal's liability, *see Painters Local Union No. 171 v. Williams & Kelly, Inc.*, 605 F.2d 535, 539 (10th Cir. 1979), the order's language that "the objection filed by AFP West, LLC is resolved with AFP West, LLC agreeing that its claim in the bankruptcy proceeding is disallowed in its entirety,"[2] means that there is no underlying obligation to support a breach of guaranty claim. Thus, he contends that "Lacking legal or factual foundation for the alleged monetary obligation of Defendant being sought in the complaint here it would seem that the Court would not have jurisdiction herein; there being no other subject matter claim other than monetary damages." (Dkt. No. 24, p. 4).

The Supreme Court has explicitly held to the contrary, noting that "[p]reclusion, of course,

---

[2] AFP contends that this language is contradicted by the bankruptcy court's earlier Order Approving Stipulation Between AFP West, LLC and Honk's Inc., which states that "AFP's Claim shall be allowed in the amount of $0 in this bankruptcy proceeding." (Dkt. No. 25-1, p. 4). However, given that a claim allowed in the amount of $0 is equivalent to a claim that has been disallowed, this is a distinction without merit. *See Hann v. Educ. Credit Mgmt. Corp. (In re Hann)*, 476 B.R. 334, 357 (B.A.P. 1st Cir. 2012) ("This process yielded a ruling that the amount of the Claim on the date of Hann's bankruptcy petition was zero. Accordingly, the court allowed the Claim in that amount, which we conclude is tantamount to disallowance.").

is not a jurisdictional matter." *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 293 (U.S. 2005). While preclusion may be an appropriate defense to be raised under Rule 12(b)(6) or Rule 56, a court cannot grant a Rule 12(h)(3) dismissal under the doctrine of res judicata. *See Hatton v. Alexander*, No. 6:06cv271, 2007 WL 1007599, at *6 (E.D. Tex. Mar. 30, 2007). As this case is properly before the court based on diversity of the litigants' citizenship, the court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332.

**II. Preclusion**

Cox did not raise any affirmative defenses in his complaint. Since this motion was filed on April 22, 2014—months after the November 15, 2013 deadline for filing dispositive motions—it appears that Cox has waived their preclusion defense. *See* FED. R. CIV. P. 8(c); *Arizona v. California*, 530 U.S. 392, 410 (2000). While AFP mentioned this in the introduction to its opposition, it did not contend that Cox's motion was untimely in its argument section. This raises a question as to whether AFP properly preserved its objection that Cox's preclusion defense has been waived. Nevertheless, even if the defense was not waived, the court concludes that this action is not barred by either issue or claim preclusion.

Since the disallowance was based on a stipulation, the validity of the debt was not actually litigated, foreclosing the application of issue preclusion. *United States v. Botefuhr*, 309 F.3d 1263, 1282-1283 (10th Cir. 2002). As for claim preclusion, the elements are: "(1) a judgment on the merits in the earlier action; (2) identity of the parties or their privies in both suits; and (3) identity of the cause of action in both suits." *Yapp v. Excel Corp.*, 186 F.3d 1222, 1226 (10th Cir. 1999). If these are met, the parties are precluded from relitigating issues that were or could have been raised in the action. *May v. Parker-Abbott Transfer & Storage*, 899 F.2d 1007, 1009 (10th Cir. 1990). Because the disallowance of AFP's claim is not a judgment on the merits, and the actions

in question are not identical, there is also no basis for claim preclusion. The court need not reach the issue of whether Cox could be found in privity with Honk's.

### A. Judgment on the Merits

Cox maintains that the disallowance constitutes a determination on the merits because it was made in the Order Confirming First Amended Chapter 11 Plan. This argument misrepresents what actually occurred in the bankruptcy proceedings. While it is true that a bankruptcy court's confirmation plan is a final judgment on the merits for purposes of claim preclusion, *United States Trustee v. Craige (In re Salina Speedway)*, 210 B.R. 851, 855-856 (B.A.P. 10th Cir. 1997), the decision to disallow AFP's claim was actually made in the Order Approving Stipulation Between AFP West, LLC and Honk's Inc. The confirmation plan merely restates the conclusion reached in the earlier order, as opposed to making an independent determination that AFP's claim was disallowed. The bankruptcy court specifically indicated what it was ordering with the statement "IT IS HEREBY ORDERED, ADJUDGED AND DECREED as follows." Tellingly, the language that AFP's claim is disallowed precedes that statement, and is instead contained in the introduction of the confirmation order.

As for the question of whether an order of disallowance can furnish the basis for claim preclusion, the analysis turns on the reasons underlying the decision. As the Second Circuit notes, while the disallowance of a claim "should be given like effect as any other judgment of a competent court" in subsequent proceedings, "the distinction must be noted between disallowance of a claim because the creditor had a nonprovable debt and disallowance because he had no debt at all. Disallowance on the former ground decides nothing as to the merits of the claim." *United States v. American Surety Co.*, 56 F.2d 734, 736 (2nd Cir. 1932). Thus, if a claim is disallowed for reasons that do not touch on the actual validity of the debt, the decision can have no preclusive

5

effect.

In *Turner v. United States (In re G.S. Omni Corp.)*, the Tenth Circuit permitted the government to exercise a right of setoff despite the bankruptcy court's earlier disallowance for failure to file a proof of claim. 835 F.2d 1317, 1318 (10th Cir. 1987). Specifically, *Turner* held that:

> There must be a fundamental distinction drawn between the provisions of the Code which deal with a proof of claim and its effect on the administration and distribution of the estate, and the *debt* which gives rise to a claim. While a creditor who wishes to participate in the distribution of an estate is required to file a proof of its claim, and while that participation can be denied by disallowance of the claim, the underlying debt continues to exist.

*Id.* (emphasis in original).[3] The basis for this decision was that the disallowance was not based on one of the grounds set forth in 11 U.S.C. § 502(b), which sets forth the circumstances that lead to the disallowance of a claim. The court noted that insofar as a claim cannot be disallowed for failure to file, a creditor's failure to file a proof of claim could not affect their right to later assert a setoff defense. *Id.*

While a disallowance arising from an agreement by the parties can furnish the basis for claim preclusion, it can only do so in circumstances where it addresses the merits of the debt. *See United States v. Coast Wineries, Inc.*, 131 F.2d 643, 649 (9th Cir. 1942) (claim disallowed after government abated underlying debt pursuant to parties' agreement). In the case at bar, the bankruptcy court never adjudicated the validity of AFP's claim. The stipulation contains no admission that the debt has already been paid. It is also not based on any of the grounds established in 11 U.S.C. § 502(b). Instead, the stipulation proposes to allow Honk's to move

---

[3] The Seventh Circuit has held likewise, stating that while "a disallowed claim may not share in the distribution of the debtor's assets in bankruptcy . . . [t]he mere fact that a claimant is unable to participate in a reorganization plan . . . does not relieve any other entity from liability for the debt, nor does it negate the existence of the debt." *Hawxhurst v. Pettibone Corp.*, 40 F.3d 175, 179 (7th Cir. 1994) (holding that bankruptcy court could modify discharge injunction to permit creditor to proceed nominally against debtor in subsequent proceedings against debtor's insurers even though claim had been previously disallowed for failure to timely file proof of claim).

forward with their bankruptcy without AFP, who could instead proceed against Cox in their suit to enforce the guaranty.

The statement that "AFP's Claim shall be allowed in the amount of $0" is qualified by "in this bankruptcy proceeding" and demonstrates that the stipulation was not intended to resolve the question of whether the debt was valid. (Dkt. No. 25-1, p. 4). While agreeing to disallow the claim would mean that AFP was foregoing its opportunity of participating in the distribution of Honk's estate, the stipulation makes clear that "the allowance of AFP's Claim in the amount of $0 will in no way release Cox from any liability or damages that he may owe AFP under the Guaranty." *Id.* Moreover, the stipulation contains no indication that the parties intended to be bound by it in subsequent proceedings. *See* RESTATEMENT (SECOND) OF JUDGMENTS § 27 (1982). Indeed, the indication is that AFP reserved the right and stated the intent to pursue Cox under the guaranty, an intent which Cox acknowledged by signing the stipulation individually. It is thus clear that the stipulation did not resolve the underlying question regarding the merits of the debt. As such, the disallowance can have no preclusive effect.

**B. Identity of the Causes of Action**

Even if the disallowance constituted a final judgment on the merits, there would be no claim preclusion because the bankruptcy proceeding and this suit are not identical. The Tenth Circuit applies a transactional approach in determining what constitutes an identity of the causes of action. *Yapp*, 186 F.3d at 1226. "What constitutes the same transaction or series of transactions is 'to be determined pragmatically, giving weight to such considerations as whether the facts are related in time, space, origin, or motivation, whether they form a convenient trial unit, and whether their treatment as a unit conforms to the parties' expectations or business understanding or usage." *Id.*

Since the guaranty in question permits AFP to proceed against Cox without the need to first attempt collection from Honk's, it is unconditional in nature. *Joe Heaston Tractor & Implement Co. v. Securities Acceptance Corp.*, 243 F.2d 196, 200 (10th Cir. 1957) ("An absolute guaranty, unlike a conditional, casts no duty upon the creditor or holder of the obligation to attempt collection from the principal debtor before looking to the guarantor."). The guaranty constitutes a separate contract from AFP's lease with Honk's, with Cox becoming independently liable upon a default by Honk's. Thus, a bankruptcy claim against Honk's pursuant to the lease differs in origin from a claim under the guaranty against Cox.

The court is also persuaded that these are not identical causes of action because the only economic interests in question are those of Cox. To the extent that an adjudication of Honk's liability (i.e. that it defaulted) is necessary in this action, it would only implicate them nominally. *See Hawxhurst v. Pettibone Corp.*, 40 F.3d 175, 180 (7th Cir. 1994). Since AFP's claim has been disallowed in the bankruptcy proceedings, its participation in the administration and distribution of Honk's estate is no longer possible. *See Turner*, 835 F.2d at 1318. As such, any resulting judgment from this action could not be recovered from the bankruptcy estate.

Treating the claims as separate transactions is also consistent with the parties' expectations and business understanding. The unconditional guaranty is a contractual agreement that expressly allows AFP to recover from either Honk's or Cox. Likewise, the stipulation was based on the understanding that AFP would pursue their claim against Cox instead of proceeding to collect from Honk's bankruptcy estate. Based on a pragmatic evaluation of the circumstances, the court concludes that these are not identical causes of action and thus, that the disallowance does not preclude AFP from proceeding against Cox in the present suit.

## CONCLUSION

For the foregoing reasons, the court DENIES Defendant's Motion to Dismiss for Lack of Subject Matter Jurisdiction. (Dkt. No. 24).

SO ORDERED this 16th day of March, 2015.

BY THE COURT:

_____
Clark Waddoups
United States District Court Judge